STATE OF MINNESOTA *vs.* CHAUNCEY W. GREENMAN.

October 28, 1876.

**Objections to Grand Jury, when to be Made by Challenge.**—One who is held to answer at a term of the district court, for a criminal offence, must make any objection that he has to the manner of procuring the grand jury by challenge, and cannot move to set aside the indictment against him upon such grounds.

Defendant, having been indicted in the district court for Jackson county for a felonious assault, moved to quash the indictment, on the grounds stated in the opinion. The motion was denied by *Dickinson*, J., who thereupon, at defendant's request, certified the case to this court.

*Geo. P. Wilson*, Attorney General, and *Emory Clark*, for the State.

*J. G. Redding*, for defendant.

v.23m—14

GILFILLAN, C. J. The defendant was, upon a criminal charge, bound over by a magistrate to appear at the general term of the district court, to be held in June, in the county of Jackson. At that term the grand jury found an indictment against him on the charge. He moved to set aside the indictment, on the ground that the same had not been found, endorsed, and presented as required by Gen. St. c. 107. The facts upon which the objection was based were these : That the board of county commissioners, at their session in January, 1876, selected a list of seventy-two names of persons for grand jurors ; that this list was not signed nor certified by the chairman of the board, nor attested by the clerk of the board ; that a list of seventy-two names, purporting to be a list of names selected for grand jurors, was handed to the deputy clerk of the court, but does not appear to have been filed. In drawing the grand jury for the term, it appears that the deputy clerk placed in the box seventy-two names from a list which, it appears, he supposed to be the list made by the county commissioners.

The law is watchful, and properly so, of the manner in which jurors are selected. Gen. St. c. 8, § 98, provides how the names shall be selected, in each county, to draw the jurors from for each term of the court during the year. It provides that, at their annual meeting in January, the board of county commissioners shall select and make separate lists of seventy-two properly qualified persons to serve as grand jurors during the year, and the same number to serve as petit jurors ; that these lists " shall be certified and signed by the chairman of the board, attested by the clerk, and shall be forthwith delivered to the clerk of the district court." Gen. St. c. 107, § 5, provides that, on receiving the list of grand jurors, the clerk of the court shall write the names of the persons in it on separate pieces of paper, and deposit the same in a box, and (§ 6) that from this box he shall, in the presence of the sheriff and a justice of the

peace, draw twenty-three names to serve as grand jurors for the term.

Although the board of county commissioners may have selected the proper number of names, and had them written down on paper, the list cannot be deemed complete until it is certified, signed, and attested as required by Gen. St. *c.* 8, § 98. The list is then in the nature of a record, and is the only thing in the nature of a record of the action of the board required to be made. The clerk of the court has no authority to draw a grand jury from any list, except such as is made out and certified to him as required by section 98.

The question then arises, how shall a party indicted avail himself of the objection? The first ground of challenge to the panel, given by Gen. St. *c.* 107, § 14, is that " the requisite number of ballots was not drawn from the grand-jury box of the county." The grand-jury box is the box in which are placed the names, on separate pieces of paper, of the seventy-two persons named in a properly made out list. The box from which the drawing in this case was had did not contain such names ; it was, for that reason, not a grand-jury box, and no ballots could be drawn from it to make up the grand jury for the term. A challenge to the panel would have lain for that reason. And when we refer to the grounds upon which an indictment may, under the statute, be set aside, it is evident that they are all such as arise subsequent to the empanelling of the grand jury. Gen. St. *c.* 110, § 1. It was the intention of the legislature that objections to the panel, or to individual grand jurors, should be made by challenge, at the time of empanelling the jury— at least where they are made by one who has the right and opportunity to challenge, as is the case with a person held to answer at the term. It is not necessary to determine whether one not held to answer at the term could move to set aside the indictment, for this defendant was held to answer, and he had the right and opportunity to challenge, and, by not making his objection in that way, waived it.

Order affirmed.