MERKEL, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 4—May 21, 1918.*

*Fraudulent issuance of bank check: When offense complete: Evidence: Copies of bank-book entries.*

1. The offense made punishable by sec. 4438a, Stats. 1917 (Laws 1917, ch. 164), is complete when, with knowledge of an insufficiency of funds or credit as there stated, a bank check is made, drawn, or uttered with intent to defraud. The provision in sub. 2 of said section relating to nonpayment by the maker or drawer within five days after notice of the drawee's refusal to pay, is a rule of evidence only.

2. In a prosecution under sec. 4438a, Stats. 1917, copies of bank-book entries, duly verified as provided in sec. 4189b, were properly admitted in evidence.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

*Henry S. Sloan* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *Arthur H. Bartelt,* assistant district attorney, and oral argument by *Mr. Bartelt.*

KERWIN, J. Plaintiff in error, hereinafter called defendant, was convicted of fraudulently issuing a check and has brought the record here for review upon writ of error.

Following is the statute upon which defendant was prosecuted and convicted:

"Section 4438a. 1. Any person who, with intent to defraud, shall make or draw, or utter or deliver, any checks, drafts, or order, for the payment of money, upon any bank or other depository, knowing at the time of such making, drawing, uttering or delivering, that the maker, or drawer, has not sufficient funds in, or credit with, such bank or other depository, for the payment of such check, draft, or order, in full, upon its presentation, shall be guilty of a misdemeanor

and punishable by imprisonment for not more than one year, or by a fine of not more than one thousand dollars, or both fine and imprisonment.

"2. As against the maker or drawer thereof, the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be *prima facie* evidence of intent to defraud and of knowledge of insufficient funds in, or credit with, such bank or other depository, provided such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with all costs and protest fees, within five days after receiving notice that such check, draft or order has not been paid by the drawee.

"3. The word 'credit' as used herein, shall be construed to mean an arrangement or understanding with the bank or depository, for the payment of such check, draft or order."

Counsel for defendant contends that the provision in sub. 2 of the above statute respecting payment of the check, draft, or order within five days after receiving notice that such paper has not been paid by the drawee is an essential element of the offense. In this contention counsel is in error. Under the former statute, before amended, the offense was not complete until the paper had been presented and remained unpaid for five days after it became payable, while under the present statute the offense is complete when the paper is made, drawn, or uttered with intent to defraud. Manifestly sub. 2 of the present statute is a rule of evidence.

Sec. 4438a, before amendment by ch. 164, Laws 1917, provided:

"Any person who shall make, sign, utter and deliver an instrument in writing commonly known as a bank check, with intent to defraud, without having money on deposit where such check is made payable, shall, if such check is presented and remains unpaid for five days after it becomes payable and payment thereof is refused because the maker has no funds on deposit with which to pay such check, be punished by fine of not more than one hundred dollars or by imprisonment in the county jail not more than one year."

In the instant case the defendant did not testify or produce any evidence, and it sufficiently appears from the record that the check was issued and not paid at the time of the arrest, which was seventeen days after the issuance of the check and more than five days after notice, so that under sub. 2 above referred to a *prima facie* case was made of intent to defraud and knowledge on the part of the defendant of insufficiency of funds or credit with the bank.

The evidence also sufficiently shows *prima facie* that the check was given for meats sold to the defendant and that at least some of the goods sold on the faith of the check were delivered at the time the check was given. In the absence of any evidence on the part of the defendant we are satisfied that a *prima facie* case was made.

It is also insisted by counsel for defendant that error was committed in the admission of evidence. The state offered copies of certain bank-book records and it is contended that the original books should have been produced. Sec. 4189*b*, Stats., provides:

"Whenever any evidence shall be required in any court or before any officer from the books of any bank or banker doing business at the time any action or proceeding is ready for trial or hearing, copies of entries therein, when verified by the affidavit or the testimony of an officer of the bank, stating that the book is one of the ordinary books of the bank used in the transaction of its business, that the entry copied was originally made therein at the time of its date and in the usual course of the business of the bank, that there are no interlineations or erasures, that the book is in the custody or control of the bank, that the copy has been compared with the book and is a correct copy of the entries made therein, shall be *prima facie* evidence in all legal proceedings of such entry or entries; . . ."

The copies offered were properly verified by the testimony of an officer of the bank so as to make such copies competent under the statute, therefore there was no error in admitting the evidence. We find no prejudicial error in the record.

*By the Court.*—The judgment is affirmed.