STATE *v.* ROBERT ADAIR.

(*January* 11, 1922.)

PENNEWILL, C. J., and RICHARDS, J., sitting.

*Clarence A. Southerland* and *Aaron Finger,* Deputy Attorneys-General, for the State.

The defendant appeared for himself.

Court of General Sessions for New Castle County, January Term, 1922.

No. 18, January Term, 1922.

PENNEWILL, C. J., delivering the opinion of the court:

The defendant has been indicted for unlawfully engaging in the business of practicing the profession of law without first having obtained a proper license therefor.

The statute upon which the indictment is based provides that no person, without first having obtained a proper license therefor, shall engage in the business of practicing the profession of law. The indictment may be said to charge an offense in the language of a particular section of the statute. *Section* 217, *Rev. Code* 1915.

Section 221 defines a lawyer to be a

"person whose business it is for fee or reward to prosecute or defend causes in any court of record or other judicial tribunal of the United States or of any of the States, or give advice in relation to causes or matters therein pending. * * * "

The defendant has demurred to the indictment, mainly on the ground that it does not charge an offense within the meaning of the act, his contention being that engaging in the practice of the law is not unlawful unless it is done for fee or reward.

We think there is no doubt that in order to convict the defendant, the State would have to prove that he did engage in the practice of his profession for fee or reward, and we do not understand this to be denied by the State. If it is such an essential element of the offense that it must be proved at the trial, must it not be averred in the indictment? In other words, if the statutory offense is not complete unless the person charged practiced law for fee or reward, does the indictment charge an offense under the law?

One of the rules of criminal pleading is that the indictment must set out an offense; and another is that the indictment

shall sufficiently inform the defendant of the offense he is required to meet. Another rule, with some qualification, is, that it is sufficient to charge the offense in the language of the statute.

We think the practice of the law for fee or reward is an essential part of the statutory offense, because no one but a lawyer can engage in such practice, and the same act that makes the practice unlawful describes a lawyer as one who practices for fee or reward. It necessarily follows that, such an essential element of the offense not being covered by the indictment, the defendant is not informed thereby of the offense he is required to meet at the trial.

It is true, as stated in *Joyce on Indictments*, "that it is ordinarily sufficient for an indictment or information to charge a statutory offense in the language of the statute." Section 371.

But in the following section, the learned writer qualifies the general rule as follows:

"Although it is said that there can be no safer rule for the pleader to follow, than that he should set forth the offense in the language of the statute, yet stating the offense in the words of the statute is not sufficient unless every fact necessary to constitute the offense is charged or necessarily implied by following the words therein. * * * And it is a general rule that where the statute does not sufficiently define or describe the offense created therein it is essential that the indictment thereunder should set forth the acts constituting the offense so that the accused may be informed of the nature of the accusation against him. So it has been declared by the United States Supreme Court that in an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense to be punished."

The offense sought to be charged in the present case is that the defendant has engaged in the practice of the profession of law, for fee or reward, without first having obtained a proper license therefor. One essential element, to-wit: practicing for fee or reward, is not set out, and for that reason we think the indictment is insufficient, and the demurrer is sustained on that ground.