## STATE EX REL. IRENE PASSER v. COUNTY BOARD OF RENVILLE COUNTY.[1]

### April 22, 1927.

### No. 26,227.

**In preparation of jury lists no discrimination should be made against any particular class because of race, sex or occupation.**

1. In the selection of jurors to pass upon the liberty and property of citizens, there must be no discrimination against any particular class because of race, sex or occupation.

A resolution of the county board, adopted in advance of the preparation of jury lists at the annual meeting of the board, limiting the selection of jurors to male voters in disregard of G. S. 1923, § 9468, is unauthorized.

[1]Reported in 213 N. W. 545.

**Remedy would not be by writ of mandamus but by challenge to the panel.**
2. Although the board's discrimination against women cannot be justified, mandamus will not lie at the suit of a voter to compel the board to annul the lists and prepare new lists without discriminating against any class of voters, but it would seem that any person having a case for trial by a jury drawn from the panel selected from the lists thus prepared would have a right to interpose a challenge to the panel.

Constitutional Law, 12 C. J. p. 1173 n. 59; p. 1174 n. 68 New.
Juries, 35 C. J. p. 244 n. 4, 5, 7, 25; p. 252 n. 51; p. 262 n. 24; p. 263 n. 26; p. 374 n. 56.
Mandamus, 38 C. J. p. 692 n. 15; p. 840 n. 33; p. 847 n. 65.

See note in L. R. A. 1918E, 773; 12 A. L. R. 525; 16 A. L. R. 1154; 16 R. C. L. 242, 243.

Mandamus to the county board of Renville county to compel it to prepare a jury list from the qualified voters of the county without discrimination against women and to cancel other lists theretofore made. There was judgment for the relator, Baker, J., and the board appealed. Reversed.

*L. J. Lauerman,* for relator.
*James B. Baker,* for the board.

LEES, C.

The county attorney of Renville county informed the county board at its annual meeting in January, 1927, that he had several carnal knowledge cases to be tried at the May, 1927, term of the district court, and did not believe that women would wish to sit as jurors in cases of that kind. He recommended that the board refrain from placing the names of women upon the jury lists for 1927 then about to be prepared. In response to the recommendation, a motion was put and carried providing "that no names of women shall be placed upon the jury lists now to be prepared for 1927." The grand and petit jury lists were then made up, naming men only. Thereafter the relator, who is a legal voter of Renville county, applied to the district court for an alternative writ of mandamus requiring the

county board to cancel the lists and prepare new ones. The facts are set forth in a stipulation adopted in the court's findings.

It was held that the action of the board was arbitrary and illegal and that the names placed on the jury lists were not selected from the qualified voters of the county as required by G. S. 1923, § 9468. Judgment was entered accordingly and the county board appealed.

After the adoption of the Nineteenth amendment to the federal constitution, the legislature amended the jury law so that all provisions relative to the qualification of jurors now include women as well as men and all sex qualifications are removed. See G. S. 1923, §§ 9456, 9457.

Two questions are presented. The first is whether the county board, in the exercise of its discretion, could resolve in advance of the selection of jurors that only men's names should be placed on the lists; and the second, whether the relator, as a qualified woman voter of Renville county, can compel the board by mandamus to do away with the discrimination against her sex.

The right to vote and the privilege to serve as a juror are not correlative or necessarily coexistent. Jury service is an obligation imposed on citizens who possess the requisite qualifications. What the state demands is service and, in the absence of constitutional limitation, the legislature may determine who shall render that service and what qualifications are necessary. See State v. Walker, 192 Iowa, 823, 185 N. W. 619, where the authorities supporting these propositions are reviewed. In Neal v. Delaware, 103 U. S. 370, 26 L. ed. 567, it was held that in the selection of jurors to pass upon the life, liberty or property of a colored citizen there can be no exclusion of his race or discrimination against them because of their color. The Supreme Court of the United States has repeatedly held that discrimination against persons qualified to serve as jurors, solely because of their race or color, is a denial of the equal protection of the laws guaranteed by the Fourteenth amendment and that such a discrimination entitles a person of the race against which it is practiced to interpose a challenge to the jury panel when he is a party to an action to be tried before a jury drawn from the panel.

See Martin v. Texas, 200 U. S. 316, 26 Sup. Ct. 338, 50 L. ed. 497, where the earlier cases are cited.

The authorities seem to agree that the officials charged with the duty of selecting the jury panel have full power to decide whether a particular person possesses the qualifications prescribed by statute and is fit to serve as a juror, but there must be no distinction or discrimination against any particular class because of race, sex or occupation. The cases will be found in 35 C. J. at pp. 262, 263.

That doctrine holds good here. In the selection of jurors to pass upon the liberty and property of women as well as men, there must be no discrimination against women. A county board has no more right to discriminate against them in preparing jury lists than it would have to discriminate against a class of persons engaged in a particular occupation, as, for example, farmers, merchants or day laborers.

The action of the board in advance of the preparation of the lists arbitrarily excluded from consideration as prospective jurors every woman in Renville county, no matter how well qualified she might be to render jury service. It was not a proper exercise of discretion, but that does not necessarily determine the result of this appeal.

The question remains whether any person, as the self-appointed representative of a class, can maintain a suit such as this. As already stated, jury service is generally regarded as a duty rather than a privilege of citizenship. It cannot be held that, by eliminating from jury service all the members of a particular class of voters, anyone is deprived of his or her civil rights. While disapproving of the practice adopted in the present instance, we hold that mandamus will not lie to compel the board to annul the lists it prepared and certified before this suit was commenced and to prepare new lists without discriminating against any class of voters.

Section 9723, G. S. 1923, provides:

"The writ [of mandamus] shall issue on the information of the party beneficially interested, but it shall not issue in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law."

We have held that where the matter involved relates merely to the enforcement of a private right, the relator must be the person interested in having the right enforced, but where the object is to enforce a public duty not due to the government as such, any private citizen may become the relator, because in that situation all the people are regarded as parties in interest, and any citizen interested in the execution of the laws may be the relator. State ex rel. Schwartzkopf v. City Council, 121 Minn. 182, 141 N. W. 97, 46 L. R. A. (N. S.) 9; State ex rel. Currie v. Weld, 39 Minn. 426, 40 N. W. 561.

The distinction between cases where a private person may act as relator to enforce a public duty and where he must show an interest before he can obtain a writ has not been drawn very clearly. The dividing line seems to lie between those cases where purely private rights are affected and those where the state is the real party and the relator merely an instrument to procure the enforcement of a duty owing to the public in general. 18 R. C. L. 326.

If the county board neglected or refused to prepare any jury lists at all, there would be a failure to perform a duty owing to the public and probably any citizen, without showing a special interest, would have the right to compel the performance of the duty. This is not such a case. The board has prepared the lists. The discrimination it has made against women voters may affect the interests of persons having cases for trial by a jury of Renville county. They may have ground for complaint. If they have, they may move to quash the panel. That was the practice approved in Neal v. Delaware, supra. In the courts of this state in view of G. S. 1923, § 10730, the proper practice is to challenge the panel.

As was said in State v. Greenman, 23 Minn. 209, "The law is watchful, and properly so, of the manner in which jurors are selected," and, if the manner of selection is in disregard of the statute, those whose interests are directly affected should have a remedy.

We hold that mandamus is not the proper remedy here, because persons whose interests may be affected by the action of the grand or petit juries of Renville county during the year 1927 have "a

plain, speedy, and adequate remedy in the ordinary course of law" by interposing a challenge to the panel, and need not invoke the aid of the writ to protect their interests.

Judgment reversed.