STATE *v.* JOHN T. VANDENBURG.

(*April* 22, 1938.)

LAYTON, C. J., and SPEAKMAN, J., sitting.

*Caleb M. Wright,* Deputy Attorney-General, for the .State.

*Frederick P. Whitney* for the defendant.

Court of General Sessions for Sussex County, April Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

The statute was designed to protect the public against a species of cheat. The evil of drawing and issuing checks on banks in which the drawer has no funds, or insufficient funds, has long been recognized, and, from time to time, statutes in varying forms have been enacted. In this, as, perhaps, in other states, it has been a matter of some difficulty to frame an act sufficiently adequate for the protection of the public against those fraudulently disposed, and, at the same time, to exclude from its operation, those innocent of an intent to defraud.

The first statute, *Chapter* 265, *Vol.* 21, *pt.* 2, *Del. Laws,* made it a misdemeanor for one knowingly to issue a bad or worthless check for any valuable consideration, with the proviso that the act should not apply to overdrawing a bona fide account. By *Chapter* 282, *Vol.* 27, *Del. Laws,* the inhibition was directed against the issuance, knowingly and fraudulently, of a check on an overdrawn account. By *Chapter* 242, *Vol.* 28, *Del. Laws,* it was made a misdemeanor to issue knowingly a check on an overdrawn account, or on a bank where the drawer had no account. These Acts, doubtless, were regarded as inadequate. By *Chapter* 237, *Vol.* 34, *Del. Laws,* the existing law was enacted.

The word "funds", abstractly, is of broad significance, but, in general acceptation and signification, it means money, and it is used in this sense in the Act. *Galena Ins. Co. v. Kupfer,* 28 *Ill.* 332, 81 *Am. Dec.* 284; *Hatch v. First Nat. Bank of Dexter,* 94 *Me.* 248, 47 *A.* 908, 80 *Am. St. Rep.* 401. The word "credit" is specifically defined to be an arrangement or understanding with the bank for the payment of the check. The two words, "funds" and "credit", are not to be regarded as synonymous or as alternates.

■ The act, by its very terms, does not view as guilty of a cheat the drawer of a check, who, while not having sufficient money to his credit at the bank on which it is drawn for its due payment, yet has arranged with the bank for the payment of the check upon its presentation. That which is denounced as fraudulent conduct, deserving of criminal stigma and punishment, is the issuance of a check where its maker has neither sufficient funds nor an arrangement thereat for its payment. Intent to defraud is the essential of the offense. Clearly, there is no fraudulent intent in the issuance of a check if the drawer has arranged for its payment.

■■ The indictment alleges only that the defendant has insufficient funds in the drawee bank for the payment in full of the check. It ignores the possibility of an arrangement or understanding with the bank for payment of the check in full upon its presentation.

In an indictment for an offense created by statute, the general rule is that the charge must be so laid as to bring the accused precisely within the description of the offense as defined in the statute, alleging distinctly all the essential requisites that constitute it; and nothing can be taken by intendment. 31 *C. J.* 703; 1 *Wharton, Crim. Pr.,* § 269; *State v. Donovan,* 5 *Boyce* (28 *Del.*) 40, 90 *A.* 220; *State v. Adair,* 4 *W. W. Harr.* (34 *Del.*) 585, 156 *A.* 358.

The defendant has not been brought within the material words of the statute. The indictment is fatally defective, and must be quashed. *State v. Edwards,* 190 *N. C.* 322, 130 *S. E.* 10; *People v. Frey,* 165 *Cal.* 140, 131 *P.* 127.

■ The second paragraph of the section was not intended to be descriptive of the offense denounced by the statute. It provides a rule of evidence. It is not, therefore, necessary to allege that the defendant failed to pay to the drawee the amount due on the check and all costs and pro-

test fees within ten days after notice of non-payment. *Merkel v. State,* 167 *Wis.* 512, 167 *N. W.* 802. *State v. Edwards, supra,* is not opposed. There, the provision with respect to the failure to provide funds or credits for the payment of the check upon its presentation, or within ten days after notice of non-payment, was made descriptive of the offense.

The indictment is quashed.