TEACHERS' ASSOCIATION OF PUERTO RICO, ETC., Petitioner and Appellant, *v.* MANUEL A. PÉREZ, ACTING GOVERNOR OF PUERTO RICO ET AL., Respondents and Appellees.

No. 9504. Argued November 5, 1947.—Decided December 4, 1947.

Virgilio Brunet for appellant. *Luis Negrón Fernández, Attorney General, Carlos Santana Becerra,* and *A. Torres Braschi, Assistant Attorneys General,* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The judgment of the lower court denied the petition for mandamus filed by appellant. The judgment rested on the ground that appellant is not a beneficially interested party in the subject-matter of the case.

It was alleged that petitioner is a domestic corporation organized for non pecuniary purposes; that it is composed of 90 per cent of the teachers in Puerto Rico engaged in teaching within the educational system of this Island; that since its foundation it has been requested by its members to take steps in order that the teaching in public schools be conducted through the use of the Spanish language and at the same time that the teaching of the English language be intensified; that in compliance with resolutions adopted in its annual meetings plaintiff has repeatedly requested the Legislature of Puerto Rico to enact a law to this effect; that in 1946 the Legislature enacted Senate Bill No. 51, to provide for the use of the Spanish language for teaching in our public schools; that when this bill was presented to the Governor of Puerto Rico it was vetoed on March 14, 1946; that when it was reconsidered and approved by both Houses, within § 34 of the Organic Act, the bill was again sent to the Governor; that the latter again vetoed it and sent it to the President of the United States by air mail through the Director of the Division of Territories and Island Possessions of the Department of the Interior of the United States which

the latter received within the first seven days of May; that the statutory period of ninety days has elapsed since the President received it, without having up to this date (August 26, 1946) approved or disapproved it,[1] for which reason, plaintiff believes that it has become a law.

The petition contains other allegations which are immaterial for the purposes of this opinion, and finally prays that a writ of mandamus be issued: Against the Governor of Puerto Rico directing him to comply with the provisions of § 22 of the Organic Act, by ordering that said Act be immediately enforced; against the Executive Secretary in order that she should immediately record and promulgate it; and against the Commissioner of Education directing him, without pretext or excuse, to enforce said Act during the present school year[2] in all the public schools of Puerto Rico.

Section 3 of our Mandamus Act (§ 651 of the Code of Civil Procedure) provides that the writ of mandamus may be issued on information of the party beneficially interested.

Consequently, the question to be decided in this appeal is whether plaintiff has the special interest required by law.

■■■■■■ Defendants argue that the Teachers' Association has no special interest in the matter; that perhaps the teachers individually have that interest because they are the ones called upon to teach in whatever language may be adopted, but that the petitioner is a juridical entity different from the members composing it and, consequently, it can not even assume the representation of the teachers in this matter.

We would agree with the defendants if the question involved were one of private interest. There is no doubt, however, that the selection of the language which is to be used as the vehicle for teaching in the public schools, is a question of public interest. And so are the acts which may be

---

[1] We take judicial notice of the fact that the President vetoed Bill No. 51 on October 25, 1946.

[2] The school year referred to in the petition expired on June last, but we shall take the mandamus petition as if it referred to the present school year 1947–48.

enforced. The majority of cases which construe statutes similar to the one herein involved maintain that where the question is one of public concern and the object of the mandamus is to enforce the performance of a public duty, the people is considered as the beneficially interested party and the petitioner need not show that he has a special interest in the result of the case. It is sufficient that he is a citizen and as such interested in the performance and protection of the public duty. 1942 Annual Survey of American Law, page 871; *Board of Social Welfare* v. *Los Angeles County,* 162 P. (2d) 627 (Cal. 1945); *State* v. *Ware,* 13 Ore. 380; *State ex rel, Passer,* v. *County Bd.,* 213 N. W. 545 (Minn. 1927), 52 A.L.R. 916; *State ex rel, Schwartzkopf* v. *Brainerd,* 121 Minn. 182, 141 N. W. 97, 46 L.R.A. (N.S.) 9; Annotation in 98 Am. St. Rep. 865–66.

The cases of *Baltimore Retail Liq. P. Stores Asso.* v. *Kerngood,* 189 A. 209 (Md. 1937), 109 A.L.R. 1253, and *Funeral Directors Ass'n. etc.* v. *Board of Fnrl. D. & E., etc.,* 154 P. (2d) 39 (Cal. 1944), invoked by appellees, are inapposite because in said cases the object of the mandamus was a private right and plaintiffs therein did not have the special interest required by law. Perhaps it could be conceded that *United States* v. *Mellon,* 32 F. (2d) 415 (App. D.C. 1929) and *United States* v. *Dern,* 68 F. (2d) 773 (App. D.C. 1934), also cited by the defendants, tend to support their contention; but that is the minority rule, as stated in the annotation in 98 Am. St. Rep., *supra,* in High, Extraordinary Legal Remedies, § 431, p. 420 (3d ed., 1896), and in 1942 Annual Survey of American Law, *supra,* and we are not inclined to follow it.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Snyder dissented.

Mr. Justice Marrero did not participate herein.