Asociación de Maestros de Puerto Rico, representada por su Presidente Luis Muñiz Souffront, peticionaria y apelante, *v.* Hon. Manuel A. Pérez, en su carácter de Gobernador Interino de Puerto Rico; Haydée F. San Miguel,

Secretaria Ejecutiva de Puerto Rico y H. A. Martin, Comisionado de Instrucción Interino, demandados y apelados.

Núm. 9504.—*Sometido:* Noviembre 5, 1947. *Resuelto:* Diciembre 4, 1947.

*Virgilio Brunet,* abogado de la apelante; *Hon. Procurador General Luis Negrón Fernández, Carlos Santana Becerra* y *A. Torres Braschi, Procuradores Generales Auxiliares,* abogados de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La sentencia recurrida desestimó la petición de *mandamus* que presentó la apelante. El fundamento de la sentencia es el de que la apelante no es una parte especialmente interesada en la materia objeto de este recurso.

Se alegó en la petición de mandamus que la peticionaria es una corporación doméstica organizada para fines no pecuniarios; que está integrada por el 90 por ciento de los maestros de Puerto Rico dedicados a la enseñanza dentro del

sistema educativo de esta Isla; que desde su fundación ha sido requerida por sus asociados para que gestione que la enseñanza en las escuelas públicas se lleve a cabo en español y a la vez que se intensifique la enseñanza del idioma inglés; que en cumplimiento de los acuerdos de sus asambleas anuales, repetidamente ha solicitado de la Legislatura de Puerto Rico la aprobación de una ley a ese efecto; que en 1946 la Legislatura aprobó el Proyecto del Senado núm. 51, por el cual se establece la enseñanza en español en nuestras escuelas públicas; que al ser sometido este Proyecto de Ley al Gobernador de Puerto Rico fué vedado el 14 de marzo de 1946; que al ser reconsiderado y aprobado por ambas Cámaras Legislativas con arreglo al artículo 34 de la Ley Orgánica, el proyecto fué nuevamente enviado al Gobernador; que éste volvió a vedarlo y lo trasmitió al Presidente de los Estados Unidos por correo aéreo, por conducto del Director de la División de Territorios y Posesiones Insulares de la Secretaría del Interior de los Estados Unidos, siendo recibido por dicho funcionario dentro de los primeros siete días del mes de mayo; que han transcurrido con exceso los 90 días que fija la ley desde que el Presidente lo recibió, sin que hasta la fecha (26 de agosto de 1946), lo haya aprobado o desaprobado,(1) por lo que, en opinión de la demandante, se ha convertido en ley.

Contiene la petición otras alegaciones que es innecesario reseñar a los efectos de esta opinión, y termina con súplica de que se expida auto de mandamus dirigido: Al Gobernador de Puerto Rico para que haga que se cumpla lo provisto en el artículo 22 de la Ley Orgánica, disponiendo que dicha Ley inmediatamente se ponga en ejecución; a la Secretaria Ejecutiva para que inmediatamente proceda a registrar y a promulgar la misma; y al Comisionado de Instrucción para que, sin pretexto ni excusa alguna, ponga en ejecución la re-

---

(1) Tomamos conocimiento judicial de que el Presidente vedó el Proyecto de Ley núm. 51 el día 25 de octubre de 1946.

ferida Ley durante el presente curso escolar(²) en todas las escuelas públicas de Puerto Rico.

Nuestra ley de mandamus, en su artículo 3 (Código de Enjuiciamiento Civil, art. 651) prescribe que el auto de mandamus sólo podrá expedirse a petición de parte especialmente interesada.

Consecuentemente, la cuestión a resolver en este recurso es si la demandante tiene el interés especial que requiere la ley.

Se arguye por los demandados que la Asociación de Maestros no tiene interés especial en este asunto; que acaso podrían tenerlo los maestros que son los que han de enseñar en el idioma que se adopte, pero que la peticionaria es una persona jurídica distinta de los miembros que la componen y que por consiguiente no puede, ni siquiera asumir, la representación de los maestros en este asunto.

Convendríamos con los demandados si se tratase en el presente caso de una cuestión de interés privado. No cabe duda, sin embargo, que la selección del idioma que ha de servir de vehículo a la enseñanza pública de un país, es una cuestión de interés público. También lo es que las leyes se pongan en ejecución. Tratándose de cuestiones de interés público, sostiene la mayoría de las autoridades que interpretan preceptos similares al nuestro, que cuando la cuestión envuelta es de interés público y el mandamus tiene por objeto conseguir la ejecución de un deber público, el pueblo es considerado como la parte especialmente interesada y el demandante no necesita probar que tiene interés especial en el resultado del caso. Basta demostrar que es un ciudadano y como tal está interesado en la ejecución y protección del derecho público. 1942 *Annual Survey of American Law,* pág. 871; *Board of Social Welfare* v. *Los Angeles County,* 162 P.2d 627 (Cal. 1945); *State* v. *Ware,* 13 Or. 380; *State ex*

---

(²)El curso escolar a que se refiere la petición expiró en el mes de junio último, pero interpretaremos la solicitud de mandamus como si se refiriese al presente curso escolar de 1947–48.

*rel. Passer* v. *County Bd.,* 213 N. W. 545 (Minn. 1927), 52 A.L.R. 916; *State ex rel. Schwartzkopf* v. *Brainerd,* 121 Minn. 182, 141 N. W. 97, 46 L.R.A. (N.S.) 9; monografía en 98 Am. St. Rep. 865–66.

Los casos de *Baltimore Retail Liq. P. Stores Ass'n.* v. *Kerngood,* 189 A. 209 (Md. 1937), 109 A.L.R. 1253 y *Funeral Directors Ass'n. etc.* v. *Board of Fnrl. D. & E., etc.,* 154 P.2d 39 (Cal. 1944), invocados por los apelados, no son pertinentes porque en ellos el objeto del mandamus es un derecho privado y los respectivos demandantes no tenían el interés especial requerido por la ley. Quizás podría concederse que los casos federales de *United States* v. *Mellon,* 32 F.2d 415 (App. D.C. 1929) y *United States* v. *Dern,* 68 F.2d 773 (App. D.C. 1934) invocados también por los demandados, tienden a sostener su tesis, pero ésa es la regla de la minoría como se dice en la monografía en 98 Am. St. Rep., supra, en High, *Extraordinary Legal Remedies,* sec. 431, pág. 420 (3ra. ed. 1896) y en 1942 *Annual Survey of American Law,* supra, y no estamos dispuestos a seguirla.

*Procede revocar la sentencia y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Snyder disintió.

El Juez Asociado Señor Marrero no intervino.