## STATE v. CATHERINE BOYLE.

(*December* 16, 1947.)

SPEAKMAN, J., sitting.

*C. Edward Duffy,* Deputy Attorney-General, for the State.

*George W. Lilly* for the Defendant.

Court of General Sessions for New Castle County, No. 31, March Term, 1947.

SPEAKMAN, Judge:

The defendant, in support of her motions, says that in an indictment, generally speaking, where the act constituting the crime as a felony is charged it should be alleged to have been feloniously done, that this rule has been held to apply even though the act was not a felony at common law, but is made so by statute, and this is so although the indictment follows the statute. In support of this she cites numerous authorities. She also relies strongly on the Brister case. In that case the offense with which the defendant was charged was arson, which was not only a felony, but a capital felony under the statute. The Court, in directing a verdict of not guilty, said:

"* * * inasmuch as it is by the common law and by the law of this State, a well settled principle of criminal pleading that whenever a criminal offense of the grade of felony is charged in an indictment, it must be alleged among other averments that the offense was committed feloniously, * * *."

The Brister case was binding upon the Court and the motion of the defendant should have been granted, unless

the principle there applied has been modified by reason of Chapter 239, Volume 34 of our laws (5318, Code of 1935), approved April 28, 1925, wherein it is provided:

"It shall not hereafter be necessary to the validity or sufficiency of any indictment * * * in any criminal case that it comply with or conform to the requirements or precedents of the common or existing statute law. The indictment or information in any criminal case shall contain a plain statement of the elements of the crime, sufficient plainly and fully to inform the defendant of the nature and cause of the accusation against him, in simple and non-technical language. * * *"

The State relies largely on *State v. Vandegrift*, 3 *W. W. Harr.* (33 *Del.*) 154, 132 *A.* 858, 860. There the Court, in construing the Act of 1925, said:

"* * * the statute was manifestly intended to enable the State to disregard any language or averments required under the common law. Indeed, it is so stated. The thought in the mind of the Legislature was that the indictment should clearly inform the defendant of the nature and cause of action against him, and that the old forms and phraseology might be omitted no matter to what extent required in a common-law indictment."

One of the requirements of a criminal statute is that "it must inform the citizen with reasonable precision what acts it intends to prohibit, so that he may have a certain understandable rule of conduct and know what acts it is his duty to avoid." 14 Am. Jur. 773, Section 5171, the section under which the defendant was convicted, is in clear and unambiguous language. It plainly and exactly informs all persons what cannot be done without violating its provisions.

The offense charged in the indictment is in lan-

guage substantially the same as contained in the law. The indictment contains a plain statement of all the elements of the offense with which the defendant was charged. It charges the defendant plainly and fully, in simple and non-technical language with having performed certain specific acts which the statute prohibits. This clearly meets all the provisions of the law. The language of the indictment, also, fully meets the requirements of Article I, Section 7 of our Constitution, that "In all criminal prosecutions, the accused hath a right * * * to be plainly and fully informed of the nature and cause of the accusation against him."

By reason of the provisions of Section 5171, I can conceive of no good reason why it is now necessary in an indictment, such as the one in this case, to charge that the offense was committed feloniously, or to use any word of like import.

The motions of the defendant will be denied.