STATE v. CATHERINE BOYLE.

(*August* 30, 1948.)

TERRY, J., sitting.

*C. Edward Duffy,* Chief Deputy Attorney-General, for the State.

*George W. Lilly* for the defendant.

Court of General Sessions for New Castle County, No. 48, March Term, 1947.

TERRY, J.

Catherine Boyle was indicted, tried and found guilty in the Court of General Sessions in and for New Castle County for having violated the provisions of Section 15, Chapter 149 of the Revised Code of Delaware 1935, § 5171.

"Sec. 15. Whoever, with the intent to procure the miscarriage of any pregnant woman * * *, unless the same be necessary to preserve her life * * *, shall use any instrument or other means whatsoever * * *, whether said miscarriage be accomplished or not, shall be guilty of a felony, * * *."

The pertinent allegations in the indictment are that "the defendant * * * did then and there with intent to procure the miscarriage of one Hester Mills, a pregnant woman, use an instrument for the purpose of procuring said miscarriage, the said miscarriage not being then and there necessary to preserve the life of the said Hester Mills. * * *"

Upon conviction the defendant moved for a new trial. The learned trial Judge denied the defendant's motion (5 Terry 248, 58 A.2d 431), and sentenced the petitioner to pay a fine of one hundred dollars and be imprisoned for a term of two years.

A petition, in accordance with the provisions of Section 32, Chapter 155 of the Revised Code of Delaware 1935, § 5327, was subsequently presented to the trial Judge.

"Sec. 32. No writ of error or writ of certiorari issuing from the Supreme Court in any criminal cause shall operate as a stay of execution of the sentence of the trial Court unless such writ of error or writ of certiorari be sued out within thirty days from the date of final judgment in the

Court below, and unless the plaintiff in error shall obtain from the trial Court (or, if the trial Court refuse, then from the Chancellor or one of the Judges of the Supreme Court) a certificate that there is reasonable ground to believe that there is error in the record which might require a reversal of the judgment below, or that the record presents an important question of substantive law which ought to be decided by the Supreme Court, and unless the plaintiff in error shall furnish bond to The State of Delaware, with surety to be approved and in an amount to be fixed by the Chancellor or one of the Judges of the Supreme Court, conditioned as may now or hereafter be prescribed by rule of Court * * *."

The substance of the petition presented to the trial Judge is the same as contained in her motion for a new trial; that is, that the indictment upon which the petitioner was tried did not contain an allegation that the crime charged therein was feloniously committed. The prayer for relief was denied.

The present petition was presented to me as one of the Judges of the Supreme Court, in accordance with Section 32, wherein the petitioner seeks a stay of the execution of her sentence pending a decision of the Supreme Court upon a writ of error duly sued out by her within thirty days from the date of final judgment. The petition concludes with the prayer that I determine that there is reasonable ground to believe that there is error in the record which might require a reversal of the judgment below, and, in accordance therewith, issue a certificate of reasonable doubt upon which the petitioner could make application for bail pending the determination of the writ of error previously sued out by her.

The assignments of error relied upon are—

"1. That the indictment upon which the defendant

was tried did not allege that the crime for which she was convicted was committed feloniously."

"2. That the Grand Jury which indicted the defendant and the Petit Jury which convicted her were drawn from a list from which women voters of New Castle County had been deliberately excluded."

As to the first assignment, the petitioner contends, since Delaware is a common law State, that whenever a criminal offense of the grade of a felony is charged in an indictment it must be alleged among other averments that the offense was committed feloniously, and this is true she says even though the offense was not a felony at common law but made so by statute. The case of *State v. Brister, Houst. Cr. Cas.* 150, 154, is cited. The Court in that case stated, "The crime with which he stands charged is arson, which is not only a felony but a capital felony under our statute; and inasmuch as it is by the common law, and by the law of this State, a well settled principle of criminal pleading that whenever a criminal offense of the grade of a felony is charged in an indictment it must be alleged with other averments that the offense was committed feloniously. * * *" The petitioner urges that the ruling in the Brister case is universal whenever the common law is observed. *Mott v. State*, 29 *Ark.* 147, 149. Undoubtedly, the Brister case was properly decided, and unless the principle there applied has been modified by reason of the enactment of Chapter 239, Volume 34, Laws of Delaware, section 5318, Code of 1935, the petitioner's prayer should be granted.

"Chapter 239. It shall not hereafter be necessary to the validity or sufficiency of any indictment, information or special plea in bar in any criminal case that it comply with or conform to the requirements or precedents of the common or existing statute law. The indictment or information in any criminal case shall contain a plain statement of

the elements of the crime, sufficient plainly and fully to inform the defendant of the nature and cause of the accusation against him, in simple and non-technical language. * * *"

It is evident that the Legislature in enacting Chapter 239 intended to do away with the niceties and technicalities of criminal common law pleading. Indeed the statute has been so construed, as the Court in the case of *State v. Vandergrift,* 3 *W.W. Harr.* 154, 132 A. 858, 860, stated, "the statute was manifestly intended to enable the State to disregard any language or averments required under the common law. * * * The thought in the mind of the Legislature was that the indictment should clearly inform the defendant of the nature and cause of action against him, and that old forms and phraseology might be omitted no matter to what extent required in a common-law indictment." See also *State v. Vandenburg,* 9 *W. W. Harr.* 498, 2 A.2d 916; *State v. Donovan,* 5 *Boyce* 40, 90 A. 220; *State v. Adair,* 4 *W. W. Harr.* 585, 156 A. 358.

Where the statute simply declares the forbidden act to be a felony, as in the present case, it is sufficient in my opinion to charge the doing of the unlawful act substantially in the language of the statute and it is not essential that the indictment contain an allegation that the unlawful act was done feloniously, as in such case the statute attaches to the conviction of the crime the consequences attending the commission of a felony. The language of the indictment in this case meets the requirements as indicated under Section 15 of Chapter 149 of the Code. All the elements of the offense with which the defendant is charged are plainly set forth, and it cannot be said that she was not plainly and fully informed of the nature and cause of the accusation against her. It should be further stated that the requirements of Article 1, Section 7, of our Consti-

tution have been met. ("In all criminal prosecutions, the accused hath a right * * * to be plainly and fully informed of the nature and cause of the accusation against him".)

Under the second assignment the defendant contends that the Jury Commissioners in selecting the Grand Jury panel for the year 1947 and the Petit Jury panel for the May Trial Term, 1947, purposely and deliberately excluded the names of women from the general lists from which both panels were drawn, in violation of the provisions of Paragraph 4721 of the Code of 1935.

4721. "All persons qualified to vote at the general election shall be liable to serve as jurors * * *."

Prior to stating the contentions of the parties certain facts should be understood.

(a) The State concedes that the Jury Commissioners purposely and deliberately excluded the names of women from the general lists from which the Grand Jury panel, 1947, and the Petit Jury trial panel for the May Term, 1947, were drawn. The reason assigned for excluding the names of women was that sufficient accommodations did not exist at the Courthouse to meet their personal needs.

(b) The defendant now advances for the first time her objection to the manner in which the respective panels were drawn. She did not enter a challenge to the array upon the return of the Grand Jury, nor did she move to quash the indictment prior to her trial for the reason now asserted. Further, she did not at the time of her trial give any indication whatsoever of any objection she might have had as to the manner of selection of the Petit Jury panel from which her Trial Jury was drawn. On the contrary, she accepted as satisfactory the jurors that were called and sworn to determine her guilt or innocence.

The defendant contends that the Jury Commissioners by reason of the provisions of Paragraph 4721 of the Code, as indicated, were under a mandatory duty to select a Grand Jury panel for 1947 and a Petit Jury panel for the May Trial Term, 1947, from general lists which were truly representative of the cross section of the jurisdiction including names of women as well as men, and that by reason of excluding the names of women from the general lists from which the respective jury panels were drawn the Commissioners departed from the clearly announced legislative design. It is argued that the exclusion of women as a group deprives the jury system of the broad base it was designed to have in our democratic society and is operative to destroy the basic democracy and classlessness of jury personnel. The defendant says that the question involved transcends the showing of prejudice, as the evil lies in the exclusion of an eligible group in disregard of prescribed standards of jury selection which deprived her of a Grand Jury panel and a Petit Jury panel selected in accordance with law. She says the injury is not to her alone, but to the jury system as well, to the law as an institution, to the community at large and to the democratic ideal reflected in the process of our Courts. She further contends that, if the provisions of Paragraph 4721 of the Code are held not to be mandatory but directory only, the deliberate exclusion of a class or group of eligible persons for jury service such as women, of which she is a member, constitutes prejudice per se insofar as her position as a defendant is concerned. She admits that women had never served on Grand Juries in New Castle County; nevertheless, she says that she had no knowledge whatsoever of the fact that they had been purposely and deliberately excluded from jury service, and that she learned of this fact subsequent to her conviction; consequently, she says she should not be barred at this time from asserting her objection.

The State contends that the provisions of Paragraph

4721 are directory only; that the lack of adequate facilities to accommodate jurors of both sexes constitutes a valid reason for the exclusion of members of one sex. Further, the State contends that all any defendant is entitled to is a jury panel constituted of impartial and fair-minded persons, and, unless a defendant can show prejudice, any irregularities found to exist in the selection of the respective panels should be disregarded. The State finally contends that if Paragraph 4721 of the Code be held to be directory, and even though it be determined that the defendant has been prejudiced by the exclusion of women, her present position cannot be maintained because her objections were not made in season.

The provisions of Paragraph 4721, as indicated, are directory only, yet our juries should be as intended; that is, representative of the cross section of the jurisdiction.

The Jury Commissioners have no power to arbitrarily exclude from jury service a class of citizens that the Legislature has included among those eligible. The names of persons which go to make up the general list from which various jury panels are drawn are selected by the Jury Commissioners upon their own judgment from the names of persons eligible to vote at general elections, which I construe to mean includes all classes of citizens that are able to meet such qualifications. Any other rule would permit the Jury Commissioners upon their own agreement, or upon suggestion, to exclude any class not only upon the basis of sex, but because of political affiliation, religious belief, ancestry or occupation. What I have said does not mean that all classes must be represented among the jurors selected, but it does mean that the Jury Commissioners must exercise their own judgment and discretion in selecting the general list of names, and that in making such selection they may not arbitrarily refuse to consider any class, or classes,

of persons. *State ex. rel. Passer v. County Board of Renville County,* 171 *Minn.* 177, 213 N.W. 545, 52 A.L.R. 916.

■■ I think the defendant's contention that she has been prejudiced by the deliberate exclusion of women from jury service is well taken. The action of the Commissioners in denying women the right to sit as jurors is repugnant to the clear legislative intent, as announced under the provisions of Paragraph 4721 of the Code. The question now is, Can the defendant at this late date complain as to the irregularities that occurred in selecting the respective jury panels? I think not. Insofar as the Grand Jury panel is concerned she should have entered a challenge to the array upon its return by the Commissioners, or she should have filed a motion to quash the indictment at the Term at which it was found (March Term, 1947), or at the very latest prior to the commencement of her trial (May Term, 1947). In not so doing she has waived any irregularity that took place to the drawing, selecting, and impanelling of the Grand Jury which indicted her. 24 Am. Jur., P. 853.

■■ Insofar as the Petit Jury panel is concerned, from which the defendant's trial jury was drawn, it should suffice to say that a defendant on trial has no right to sit by without objection and allow irregular proceedings to occur and afterwards seek to have a judgment against her set aside because of such irregularity. When the defendant accepted the twelve men to try her case her acceptance must be deemed as an expression of satisfaction on her part with the jury, and she cannot, after an adverse verdict, seek to reverse her action in accepting the jury and have the verdict set aside for some irregularity which existed at the time the jurors were accepted by her. *Veer v. Hagemann,* 334 *Ill.* 23, 165 N. E. 175; *People v. Conners,* 246 *Ill.* 9, 92 N. E. 567.

■ The defendant asserts that she had no knowledge of the policy of the Commissioners in excluding the names

of women in the selection of jury personnel; nevertheless, it must be said to have been common knowledge that women had never served on a Grand Jury in New Castle County up to and including the date the defendant in this case was indicted. The continued absence of women as jurors is sufficient evidence to provide notice that for some reason, even though unknown to the defendant, the names of women had not been considered by the Commissioners in selecting the respective jury panels. (I understand that the policy previously pursued by the Commissioners in not including the names of women in the general lists from which the respective jury panels in this State were drawn has been corrected as of January 1, 1948.)

It will be noted that I have not passed upon the contention raised by the State that the lack of adequate facilities to accommodate jurors of both sexes will constitute a valid reason for the exclusion of members of one sex. 82 L.Ed. 1058; 31 Am. Jur., P. 620.

For the reasons stated, the petition of the defendant is denied.