STATE OF DELAWARE v. JOHN L. PORTER.

(*June* 9, 1952.)

TERRY, J., sitting.

*Januar D. Bove, Jr.*, Deputy Attorney-General, for the State.

*Henry A. Wise, Jr.*, for the defendant.

Superior Court for New Castle County, No. 45, January Term, 1951.

TERRY, J.:

The defendant, John L. Porter, has been indicted by the Grand Jury of New Castle County with having committed the crimes of (a) larceny, (b) embezzlement by bailee, and (c) false pretenses. The three offenses as charged are alleged to have sprung from the same chain of circumstances, and each offense is pleaded under a separate count in the indictment.

The defendant has filed a motion to quash the indictment. He contends that under our system of criminal pleading, which he asserts to be that of common law, a defendant cannot be charged with more than one offense under a single indictment.

A reading of the indictment clearly indicates that upon the same facts or circumstances the State has indicted Porter in separate counts with having committed the crimes (a) larceny, (b) false pretenses, and (c) embezzlement by bailee. It is to be noted that the joinder involves a felony (larceny) with two misdemeanors (false pretenses and embezzlement by bailee).

The common law rule undoubtedly prohibits a joinder of separate and distinct counts charging different felonies in a single indictment; likewise, separate counts charging a felony and a misdemeanor cannot be joined. On the contrary, separate counts charging only misdemeanors can be joined where they

are found to be of the same grade, such as being of the same general nature and carrying similar punishments. 42 *C. J. S., Indictments and Informations,* § 183.

Various reasons for the common law rule prohibiting the joinder of felonies and misdemeanors have been assigned, such as (a) a conviction for a misdemeanor cannot be had on an indictment for a felony; (b) that the joinder might embarrass the accused in the selection of a jury, and (c) that a person indicted for a misdemeanor is entitled to certain advantages and privileges not accorded to a person indicted for a felony. 42 *C. J. S., Indictments and Informations,* § 183.

The common law rule in this respect has practically, if not entirely, disappeared, because the reasons for the rule no longer exist, and now in a majority of the jurisdictions a felony and a misdemeanor forming part of the development of the same transaction may be joined in the same indictment. *Whart. Crim. Pl.,* §§ 285-294; *Harman v. Com.,* 12 *Serg. & R.* 69; *Com. v. McLaughlin,* 12 *Cush., Mass.,* 612; 10 *Am. & Eng. Enc. Law,* 599c; *State v. Lincoln,* 49 *N. H.* 464; *Stevens v. State,* 66 *Md.* 202, 7 *A.* 254; *Staeger v. Com.,* 103 *Pa.* 469; *State v. Fitzsimon,* 18 *R. I.* 236, 27 *A.* 446 and *Cawley v. State,* 37 *Ala.* 152, wherein Walker, C. J., stated: "After an elaborate and careful review of the authorities we feel safe in announcing the conclusion that two offenses committed by the same person may be included in the same indictment, where they are of the same general nature, and belong to the same family of crimes, and where the mode of the trial and the nature of the punishment are also the same."

Our criminal pleading in this State embodied all of the niceties and technicalities of the common law rules until the enactment in 1925 of Chapter 239, *Laws of Delaware.* Under this enactment the Legislature abrogated the common law rule regarding heretofore essential language or averments in criminal pleadings relating to indictments, and indicated that an indictment would withstand attack if its language clearly informed the defendant of the nature and cause of action against him.

*State v. Boyle,* 5 *Terry* 414, 415, 61 *A.* 2d 121. This change simplified our criminal pleading, thus eliminating antiquated form and phraseology seemingly essential theretofore.

The common law rule as previously indicated that a misdemeanor and a felony cannot be joined in the same indictment was based upon substantially the same reasons as the rule which prohibits the conviction for a misdemeanor under an indictment for a felony. These rules in substance have been abrogated in certain instances in this State by legislative enactment, and it is to be presumed, therefore, that the reasons, at least in those instances, upon which the rules were based no longer exist.[1]

█ The common law rule *that persons indicted for misdemeanors* were entitled to certain advantages at the trial not afforded to those indicted for a felony, such as an opportunity to make a full defense by counsel to have a copy of the indictment and a special jury, no longer exists in this State. This is so for the reasons that a defendant in any trial whatsoever in this jurisdiction may testify in his own behalf, call witnesses at the expense of the State, if need be, and have every privilege and facility possible for making a full and complete defense, and the higher and more atrocious the crimes, the more numerous are the safeguards thrown around the accused and the more jealously does the law and the Court guard every legal right to which he is entitled.

No sound reason exists in this State, at least to my knowledge, as to why several indictments charging different crimes arising out of a single chain of circumstances could not be tried together. On the contrary, it would be a refinement not demand-

---

[1]Sec. 14, Chapter 150, *Revised Code of Delaware,* 1935: Upon an indictment for breaking and entering with intent, the jury may acquit of the felony and return a verdict of guilty of breaking and entering alone.

Sec. 21, Chapter 155, *Revised Code of Delaware,* 1935: "Upon the trial of any person for any felony whatever, where the crime charged shall include an assault against the person, it shall be lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence shall warrant such finding * * *"

ed by the law or by justice to require in all instances a separate trial simply because separate indictments had been found for each offense. Such a joinder it seems to me would serve the interest of the public and the rights of the defendant—the Trial Judge, of course, having at all times the right to exercise his sound discretion in ordering separate trials when the rights of either the State or the defendant appear to require it.

The common law rule prohibiting the joinder of different offenses (that is, the joinder of felonies or the joinder of felonies and misdemeanors) under separate counts in the same indictment should no longer exist in this State in those instances where the circumstances thereof grow out of a single course of conduct on the part of the defendant, and where the character of the offenses is similar and the nature of the punishment for each offense is relatively the same.

In considering the present case it may be said that at the time of action by the Grand Jury uncertainty prevailed as to precisely what crime the defendant committed. Larceny, embezzlement by bailee, and false pretenses are closely interwoven, and the distinction between them not infrequently involves extreme technicality. A miscarriage of justice could easily result from a mistake in perceiving the legal differences between them.

I find no inherent incongruity or repugnancy to the joinder of the offenses as indicated in the present indictment. The wrongful conduct of the accused has been alternately charged first as a felony and then as misdemeanors. The course of the trial would be the same insofar as each of the three offenses is concerned. The crimes alleged must be said to be of like grades, and the punishment under each sufficiently similar. If there should be any hardship or injustice wrought to the defendant by the joinder, the Trial Judge has the power in the exercise of his sound judicial discretion to correct the adverse situation; that is, upon the conclusion of the evidence, to order an election by the State concerning upon which count the Attorney General desires the State's case to be presented to the Jury.

The defendant's motion to quash the indictment is denied.