WALTER S. MILLER, Appellant, v. THE STATE OF DELAWARE, Appellee.

(*January* 8, 1958.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Henry A. Wise, Jr.,* for appellant.

*Frank O'Donnell, Jr.,* Chief Deputy Attorney-General, for appellee.

Supreme Court of the State of Delaware, No. 34, 1957.

SOUTHERLAND, C. J.:

Appellant Miller was convicted of the possession of marijuana cigarettes, in violation of 16 *Del. C.* §§ 4701-4702.

The State proved the following:

Miller was observed by police officers as he was walking along the pavement of a public street in Wilmington. One of the officers followed him and called to him. Miller was then seen to step off the curb between two parked cars. He made a movement with his hand as if throwing something to the ground. The officer saw a white object fall. Miller continued to walk around one of the cars and returned to the pavement where he was arrested. Going to the place where Miller had thrown the object, the officer found a small roll of cigarettes. These were shown to contain marijuana. The jury returned a verdict of guilty and a motion for an acquittal or a new trial was denied. Miller appeals.

Numerous points are raised, but in our opinion only one merits serious consideration.

Miller testified in his own behalf. His defense was that the package of cigarettes was never in his possession. He said that just before he was arrested he had come out of his brother's house on Lombard Street. In cross-examination the Deputy Attorney General asked the following question:

"Now, over the past years, your brother has been arrested and convicted of narcotics charges on many occasions?"

There was an immediate objection, and a motion for a mistrial. The court denied the motion "at this time", but asked the State to produce authority for the question. A recess was taken and the jury was excused.

The court having reconvened, the following occurred before the jury was recalled:

"Mr. O'Donnell: I will withdraw the question.

"The Court: That may not take care of the damage that has been done. What are the grounds for your withdrawal, Mr. O'Donnell?

"Mr. O'Donnell: That the record has been checked and that the information previously furnished me was in error."

After a suggestion that defendant's counsel be permitted to examine the Deputy Attorney General upon the source of the error, the court said:

"I don't know that, in the interests of justice, that it is necessary. If the Attorney General withdraws this and states that the information which you just gave was in error, and, therefore, you withdraw the question, and I instruct the jury to ignore it, is sufficient at this time to rectify any damage that might have been done.

"Now, if there is a conviction in this case, I will, again, reconsider your motion seriously, Mr. Wise, but I think that at this time, rather than to waste the time, I will deny your motion, Mr. Wise.

"We will bring the jury back and try to straighten this out on the record."

The jury having returned, the following occurred:

"Mr. O'Donnell: Your Honor, I will withdraw the last question for the reason that I have determined that information previously furnished me was in error.

"The Court: The question was, isn't it a fact that the brother, from whose house the defendant was supposed to have emerged, had been convicted on another occasion, and you say that that is an error insofar as you can find?

"Mr. O'Donnell: Yes, sir, I was in error."

■ It seems plain that it was thereupon the duty of the court explicitly to tell the jury not only that the question put by the prosecuting officer should be disregarded and the jury

should not give it any consideration whatever, but also that there was no evidence before them of any conviction of the defendant's brother on narcotic charges. Had this been done, the prosecution's error would, we think, have been cured. Although it is a serious mistake for the prosecuting officer to ask a question of this sort without definite information upon which to base it, his good faith in asking it is a circumstance that will be accorded weight on a motion for a mistrial. In such a case an explicit instruction from the court ordinarily cures the error. See 39 *Am. Jur.* "New Trials", § 65; 109 *A. L. R.* p. 1089, annotation. Here there is no question about the good faith of the Deputy Attorney General. The mistake was wholly innocent. But such mistakes may nevertheless have a damaging effect. In such a case as this —possession of narcotic drugs—if it had been the fact that the defendant's own brother, whose house he had just left, had been involved in illicit drug transactions, the matter would not only have been a proper subject of inquiry (3 *Wharton's Criminal Evidence*, § 1217), but a circumstance persuasive of guilt.

 Unfortunately, the court's caution to the jury compounded the prosecutor's error. The court said:

"Ladies and Gentlemen: I am permitting that question to be withdrawn, and I will warn you that you should not be prejudiced in any way because of that fact. Just dismiss from your minds *that the defendant's brother has been convicted on other occasions of narcotics charges.*" [Emphasis supplied.]

In effect the court said that Miller's brother had been conviced on narcotic charges. Whether this was a mere slip of the tongue or whether the reporter's rendering of the sentence was incorrect, we cannot know. But we must take the record as we find it. Far from telling the jury plainly that there was no such record of narcotic convictions, the court said in effect the contrary. At the very least, the jury must have been confused, and certainly they *may* have concluded that Miller's brother was in fact involved in illicit drug transactions. This might have turned the scale against the defendant, for at a previous trial the jury had disagreed.

Putting together the prosecutor's error and the court's error, we must conclude that defendant was prejudiced.

Reluctantly—because the defendant's guilt was clearly proved—we must reverse the conviction.

Since the case must go back for a new trial, we should, for the guidance of the lower court, pass upon defendant's other contentions. They are all unsubstantial and may be summarily disposed of.

■■ 1. The term "marijuana" as used in 16 *Del. C.* § 4701, defining narcotic drugs, is sufficiently definite in meaning to render the statute and the indictment immune to constitutional attack on the ground of vagueness. *State v. Navaro,* 83 *Utah* 6, 26 *P.* 2d 955. The term "marijuana cigarettes" means, in common usage, cigarettes with a narcotic in them, and one charged with having them in his possession is fully informed of the charge against him.

■ 2. The evidence was direct and not circumstantial, and defendant was not entitled to a charge that the evidence must be inconsistent with any reasonable conclusion other than guilt.

■ 3. The evidence was quite sufficient to justify the verdict.

■ 4. It was not reversible error to reject a posed photograph, taken shortly before the trial, showing appellant standing between two cars (that happened to be parked on the street) at about the point where he threw down the cigarettes, for the purpose of showing that his hand could not have been seen by the officer. It is certainly doubtful whether a still photograph could reproduce, with substantial identity, the act of a man stepping off the curb and throwing a package on the street. The matter was within the sound discretion of the trial judge, who evidently concluded that there was a lack of proof of substantially identical conditions. See 3 *Wigmore on Evidence,* § 798, "Photographs of Artificial Settings".

5. It was not error to exclude proof that defendant had offered to strike a bargain with the Attorney General to the effect that he would be released or would plead guilty according as a lie detector test should show that his denial of the charge was true or untrue. The State is not required to agree to any such extraordinary proposal, and its refusal to do so has no relevancy whatever to defendant's innocence or guilt.

For the reason first above stated, the judgment below is reversed. The cause is remanded to the Superior Court, with instructions to set aside the verdict and judgment and to grant a new trial.