**Diane Johnson BROWN, Appellant,**

**v.**

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Sept. 5, 1973.

---

Henry A. Wise, Jr., of Booker, Green, Shaffer, Berl & Wise, Wilmington, for appellant.

Jeffrey M. Weiner, and Joseph A. Hurley, Deputy Attys. Gen., Wilmington, for the State.

Before HERRMANN, C. J., CAREY, J., and WRIGHT, Judge, sitting.

WRIGHT, Judge:

The defendant appeals from her conviction, after a jury trial, of two charges of selling illegal drugs. See State v. Brown, Del.Super., 287 A.2d 400 (1972).

The indictment returned against the defendant contained three counts charging her with three separate sales alleged to have occurred on three different days at three different places. The time lapse between the first alleged sale and the third was eight days.

During the trial the State abandoned Count III of the indictment after having offered some evidence in support of it.

The defendant first contends that her cases as to Counts I and II of the indictment were prejudiced by the State's action as to Count III.

This contention has no logical foundation. The fundamental question here is whether or not the three counts were properly tried together. If they were it is of no consequence that one failed either by action of the Trial Court, abandonment by the State, or ultimate jury verdict.

We believe that the three counts which were of the same general character and involved a similar course of conduct and which were alleged to have occurred within a relatively brief period of time were properly tried together. Denial by the Trial Judge of defendant's motion to dismiss the indictment on the ground of improper joinder is clearly supported by Rule 8(a), Del.C.Ann., Superior Court Rules—Criminal. See also State v. Porter, Del.Super., 8 Terry 211, 47 Del. 211, 89 A.2d 545 (1952).

Two further contentions raised by the defendant merit only passing mention since they have been settled by past decisions of this Court.

It is urged that the definition of the term "marijuana" which was in effect at the time the defendant was indicted is so vague and indefinite so as to make the statute under which she was indicted unconstitutional.[1] This Court expressly ruled to the contrary in Miller v. State, Del.Supr., 11 Terry 579, 50 Del. 579, 137 A.2d 388 (1958).

Finally the defendant asks that we adopt the Federal Rule with respect to the defense of entrapment requiring the State to rebut this defense when it is raised and prove beyond a reasonable doubt the defendant's predisposition to commit the crime charged. This matter was raised and rejected by this Court in Crosby v. State, Del.Supr., 295 A.2d 708 (1972).

The judgment below is affirmed.

---

1. The definition is found in former 16 Del.C. § 4701, since amended.