STATE *vs.* WILLIAM P. VANDEGRIFT.

*(October 6, 1925.)*

PENNEWILL, C. J., and RODNEY, J., sitting.

*Clarence A. Southerland,* Attorney-General, and *James R. Morford,* Deputy Attorney-General, for the State.

*P. Warren Green* for defendant.

Court of General Sessions for New Castle County, September Term, 1925. No. 135, Setpember Term, 1925.

PENNEWILL, C. J., delivering the opinion of the court:

We will consider the reasons in the inverse order of their statement.

The defendant insists that even if the indictment against him is valid and legal in other respects, it, nevertheless, does not plainly and fully inform him of the nature and cause of the accusation against him, as required by *Section 7 of Article* 1 of the Constitution of the State.

It is argued in support of this contention that it is uncertain what the accusation against the defendant is, and upon which the State relies.

It is only necessary to say in respect to this objection, that an inspection of the indictment will clearly show that only one distinct offense is charged, although made up of different elements. We think that little, if any, confidence was placed upon this point by the defendant, and it will not be considered further.

The second, third and fourth reasons urged in support of defendant's motion, will be considered together.

It is argued that the recent statute, upon which the State relies was not intended to relieve the State from all common law requirements respecting the language and provisions of an indictment, but its purpose, and only purpose, was to permit the State to describe the offense in briefer and more simple language than had theretofore been employed. We cannot agree with this contention.

The part of the statute, Laws of 1925, *c. 239* (*Rev. Code* 1915, 4847a, § 43), material to this case is the following:

"It shall not hereafter be necessary to the validity or sufficiency of any indictment, information or special plea in bar in any criminal case that it comply with or conform to the requirements or precedents of the common or

existing statute law. The indictment or information in any criminal case shall contain a plain statement of the elements of the crime, sufficient plainly and fully to inform the defendant of the nature and cause of the accusation against him, in simple and nontechnical language. Special pleas in bar shall likewise contain a plain statement of the facts relied on as a bar to the accusation, in simple and nontechnical language.

"Demurrers, pleas in abatement, and pleas to the jurisdiction are abolished. Objections heretofore raised by these pleadings shall be raised by motion to quash, supported in appropriate cases by affidavit."

Instead of being a limitation on the power or right of the State in framing indictments, as the defendant contends, the statute was manifestly intended to enable the State to disregard any language or averments required under the common law. Indeed, it is so stated. The thought in the mind of the Legislature was that the indictment should clearly inform the defendant of the nature and cause of action against him, and that old forms and phraseology might be omitted no matter to what extent required in a common-law indictment.

Therefore, such specific affirmative statements as, "on their oath and affirmation," "against the State of Delaware," and "against the statute of the State of Delaware in such case made and provided," which had been used almost from time immemorial, may be considered no longer essential parts of an indictment. The important requirement, and the esential one imposed by the statute is that the defendant shall be fully and clearly informed of the nature and cause of the accusation against him.

Whether consciously or not, the Legislature, in enacting the statute, took a step in the direction of simplified pleading in criminal cases, and it seems to us that such purpose would be in a measure defeated if the Attorney General, in preparing an indictment, should be required to retain and employ the old forms of expression contained in indictments at the common law.

It is required that an indictment shall be found on the oath or affirmation of the grand jurors, and that the offense described be against the law of the State of Delaware. But we do not think it essential to the validity of an indictment that it contain the averment that it was found on the oath or affirmation of the grand jurors. The grand jurors are sworn or affirmed in the presence of

the Court before entering upon the performance of their duty, and it is not necessary to allege the fact that the indictment was found on oath or affirmation. The averment, that the offense charged is against the form of the act of the General Assembly in such case made and provided means, in an indictment prepared by the State, as in this case, that it is against the law of the State of Delaware. It would be the height of technicality to hold otherwise. The indictment in question contains in every count, the words, "against the form of the act of the General Assembly in such case made and provided," and also the words, "against the peace and dignity of the State."

 It is contended, finally, by the defendant—reason 1— that the indictment as found is inimical to *Section* 35, *Article* IV, of the Constitution of the State, which provides that:

"The style in all process and public acts shall be The State of Delaware. Prosecutions shall be carried on in the name of the State."

It is argued that this indictment, this prosecution, is not in the name of the State of Delaware, and is, therefore, violative of said constitutional provision.

The Court are of the opinion that the word "process," as used in the Constitution, has no application to an indictment, which is only an accusation or complaint. But the constitutional requirement, that all prosecutions shall be carried on in the name of the state, raises a different question.

 We are convinced, however, that this provision of the Constitution is not to be construed in connection with the preceding words relating to process and public acts. They are entirely distinct and independent requirements, and are to be so treated. The question, therefore, is not whether the indictment in the present case is specifically in the name of the State, but whether the prosecution is carried on in the name of the State.

The provision we are now considering is contained in the Constitution of most of the States, and it has been repeatedly held that it is not necessary that the indictment shall allege that the prosecution is carried on in the name of, or by authority of the State. It is a compliance with the Constitution if the record shows

that the prosecution is carried on in the name of, or by authority of the State. It is a compliance with the Constitution if the record shows that the prosecution is carried on in the the the name of the State. *Caples v. State*, 104 *P.* 493, 3 *Okl. Cr.* 72, 26 *L. R. A.* (*N. S.*) 1033; *Savage & James v. State*, 18 *Fla.* 909, 947; *Holt v. State*, 1 *S. W.* 61, 47 *Ark.* 196, 14 *R. C. L.* 165.

■ We think such fact does appear when the indictment shows that it was prepared and signed by the Attorney General, an official of the State, whose duty it is to prepare indictments for the State; that it was returned to the Court by the grand jury, an agency of the State, created for the purpose of passing upon indictments; and which could not find an indictment the trial or prosecution of which would not be carried on by the State.

■■ These are facts of which the Court will take judicial knowledge, and the fact that the indictment in question is, in the caption, specifically in the name of "New Castle County," a political subdivision of the State, does not make it any the less a prosecution carried on in the name of the State.

There is abundant authority to the effect that the real purpose of such a constitutional provision as ours was to prevent any individual, or agency other than the State, from prosecuting any one for a violation of the criminal law. Certainly the indictment before the Court does not come within such inhibition.