GILBERT MAY, d. b., *vs.* STATE OF DELAWARE, p. b.

(*March* 3, 1926.)

RODNEY, J., sitting.

*Martin B. Burris* for defendant below.

*James R. Morford* for State of Delaware.

Superior Court for New Castle County, January Term, 1926. Certiorari, No. 5, November Term, 1925.

RODNEY, J. ▮ In *State v. Vandegrift, Supra, p.* 154, 132 *A.* 858, recently decided in New Castle County, it was held that *Section* 35, *of Article* IV, of the Constitution contains two separate

clauses which are not necessarily connected with each other. In that case, it was held that an indictment was not ''process'' within the constitutional meaning. Following that decision, I am of the opinion that neither the caption of the Docket of a Justice of the Peace nor the record entries of a case before him constitute process as that term is used in the first clause of *Section* 35, *of Article* 4, of the Constitution.

The question remains as to whether the Record of the Justice is violative of the provision that "Prosecutions shall be carried on in the name of the State." The Caption of the Record shows "*State v. Gilbert May;*" the body of the Record shows "the witnesses for the State and the defendant present and ready for trial" and "after hearing the witnesses for the State and for the defendant" the defendant was fined.

A clearer understanding of the meaning of the constitutional section under discussion may be had from a consideration of the object designed to be accomplished by its insertion. The object of the inclusion of both clauses seems manifest to me. Prior to our Independence process and other public acts were in the name of the King who was supposed to be the "fountain of justice and source of power." Our first Constitution of 1776 by *Article* I provided:

"The Government of the Counties of New Castle, Kent and Sussex upon Delaware shall hereafter in all public and other writings be called The Delaware State."

And by *Article* 20 it was provided:

"Commissions shall run in the name of 'The Delaware State,' and bear test by the President. Writs shall run in the same manner, and bear test in the name of the Chief Justice," etc. "Indictments shall conclude, 'against the peace and dignity of the State.'"

The Constitution of 1792, by *Section* 21, of *Article* VI, provided:

"The style in all process and public acts shall be, 'The State of Delaware.' Prosecutions shall be carried on in the name of the State, and shall conclude, 'against the peace and dignity of the State.'"

The Constitution of 1832 struck out the words "and shall conclude against the peace and dignity of the State," but otherwise the provision is to-day as it was enacted in 1792.

Undoubtedly, the first clause of the constitutional section "The style in all process and public acts shall be the State of Delaware" was intended to provide a name or title by which the sovereign power of the State should be designated. The first Constitution of 1776 adopted the name of The Delaware State—the first official name of the "Three Lower Counties on the Delaware." This name was changed by the Constitution of 1792 to "The State of Delaware," which name has been since retained.

The Constitution also provided "Prosecutions shall be carried on in the name of the State." At common law prior to the Revolution prosecutions were carried on in the name of the King. When we became an independent State it became necessary to provide that prosecutions should be carried on in the name of the new sovereign—the sovereign State. I am of the opinion that the only object of this constitutional provision was to exclude and prohibit prosecutions by any foreign authority, by any individual or by any lesser domestic political subdivision and to assert the sovereignty and supremacy of the State as paramount. The provision seeks to make clear the source of the sovereign power of prosecutions rather than to require that such sovereign power be described with meticulous particularity.

In *Dover v. Tawressey*, 2 *Marv.* 285, 43 *A.* 170, the Court held that a prosecution could not be in the name of the Town of Dover, but should have been in the name of the State of Delaware. See, also, *Allen v. Commonwealth*, 2 *Bibb* (*Ky.*) 210; *Greeson v. State*, 5 *How.* (*Miss.*) 33; *Ex parte Nightingale*, 12 *Fla.* 272; *Wrocklege v. State*, 1 *Iowa* 167; *Savage v. State*, 18 *Fla.* 909, at 948.

█ Within the confines of Delaware there is but one State. Of that State, the State of Delaware, I judicially know that Richard Hodgson is a Justice of the Peace. When he determines the case before him after hearing "the witnesses for the State" he can mean only the "State of Delaware."

The defendant below relies upon the unreported case of *Lane v. State of Delaware, No. 31, January Term,* 1916, in New Castle County. That case was precisely similar to the case at bar and a similar exception was sustained and the judgment below reversed. I must conclude that that case was inadvertently decided either

without argument or consideration, it being determined the same day the exceptions were filed. I prefer to follow *State v. Vandegrift* and to reach the result to which the reasoning of the Vandegrift Case and of this present case must inevitably lead.

An inspection of the Record of the Clerk of the Peace of New Castle County shows the result herein reached to have been the uniform acceptation and practice and but few cases have been found upon the Records which do not appear as merely "State" v. the Defendant.

The judgment below is affirmed.