## Commonwealth v. De Pietro

*Willard S. Curtin*, for Commonwealth.

*William L. Goldman* and *Frank S. Poswistilo*, for defendant.

KELLER, P. J., March 12, 1954.—This matter is before us upon a writ of certiorari directing that J. Stanley Boorse, Esq., a justice of the peace of Richland Township, Bucks County, certify and return to this court a full and complete transcript of his record and all proceedings had before him in the above-entitled case.

In obedience to the mandate, the record was duly certified and filed. An examination thereof reveals that on April 19, 1953, one Frederick J. Christman, a Pennsylvania State police officer, lodged an information before the above-named justice, charging defendant with having on April 18, 1953, at about 7:25 a.m., operated a Chrysler sedan motor vehicle on Route 309, in Richland Township, Bucks County, bearing Penn-

sylvania registration plates G-308 for 1953, at a speed of 70 miles per hour, in violation of Section 6, subsec. 1002, art. 10 of Act 403, P. L. 1929, as last amended by Act No. 400, approved June 27, 1939. Complainant asked that a warrant be issued and defendant be arrested and held to answer the charge of speeding. The justice's transcript fails to show that a warrant was ever issued as requested, but states that defendant was sent a copy of the complaint and the summons, by registered mail, which was signed for by defendant on April 23, 1953. The transcript further sets forth that a hearing was held on May 13, 1953, at which time defendant, represented by his attorney, Frank S. Poswistilo, appeared, and that after hearing the testimony the justice found defendant guilty of speeding, as charged, and that defendant paid the fine imposed upon him of $10 and costs of $3.50, under protest; his attorney having made objection to the proceeding on the ground that the charge having been filed on Sunday, the proceeding was illegal, to which the justice replied that he had been advised by the district attorney that there was no objection to filing charges on Sunday so long as no hearing was had on Sunday.

In his bill of exceptions to the record of the justice and the judgment defendant alleges that the information by which this action was commenced and on which the jurisdiction of the justice of the peace was based, having been sworn to and lodged before the justice on April 19, 1953, which was a Sunday, was illegal and void, it being contrary to the common law of the Commonwealth of Pennsylvania that Sunday is not a judicial day and judicial acts performed on that day are void and also in violation of the Act of 1705, 1 Sm. L. 25, sec. 4 (44 PS §1), making it illegal to execute process on a Sunday where the alleged violation is not treason, a felony, or a breach of the peace.

We take judicial notice by reference to the calendar and almanac, that April 18, 1953, at which time the alleged offense occurred, was Saturday, and that April 19th, on which date the information was lodged, was Sunday. The record fails to disclose whether any other steps were taken on Sunday, although in his argument and brief defendant alleges that a warrant had subsequently been issued for defendant's appearance before the justice.

The important question to be determined is whether the filing of the information on Sunday for an alleged offense committed on a week day constitutes such a judicial error as to invalidate the proceeding. This being a proceeding upon certiorari, we are limited to an examination of the record.

The Act of 1705, 1 Sm. L. 25, supra, commonly known as the Sunday Law provides:

"No person or persons, upon the first day of the week, shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in cases of treason, felony or breach of the peace; but the serving of any such writ, precept, warrant, order, judgment or decree, shall be void, to all intents and purposes whatsoever", etc.

It will be noted that the provision of this act has special reference to the service or execution of process therein mentioned and makes no reference to the entry of the complaint or information and the only exceptions to its application are those cases involving treason, felony or a breach of the peace. The courts, in construing the provisions of this act, have ruled that it prohibits only the doing of judicial acts, and does not apply to or prohibit ministerial acts, and hence there is no ground for a new trial that the verdict was received on Sunday (Commonwealth v. Marrow, 3 Brewster 402, 8 Phila. 440; Commonwealth v. Fuller, 4 Pa. C. C. 429, 18 Phila. 610), and a judg-

ment entered on the verdict given on Sunday will not be set aside on that ground: Huidekoper v. Cotton, 3 Watts 56. It has likewise been held that the common-law rule that judicial acts cannot be done on Sunday does not extend to mere ministerial acts: 50 Am. Jur. 863, §79.

We have been unable to find any decision of the Pennsylvania courts bearing directly upon the question as to whether an information lodged before a justice of the peace is a judicial act or merely a ministerial act, and whether it comes within the definition of process. Process is a writ, warrant, subpœna, or other formal writing issued by authority of law; also the means of accomplishing an end, including judicial proceedings: 3 Bouvier Law Dictionary 2730. An information or complaint, as it is sometimes designated, is a form of legal process which usually consists of a formal allegation or charge against a party, made or presented to the appropriate court or officer, as for a wrong done or a crime committed. It is a written statement made under oath before a magistrate by a person charging another with the commission of the crime. In some states it is called an affidavit, in others a deposition, and still others a complaint or information. It is the foundation of the jurisdiction of a magistrate in preliminary proceedings and is designed to specifically inform defendant of what he is charged, in order that he may, with knowledge of the charge, intelligently plead thereto and prepare for and present his defense. See Ballentine's Law Dict. 242; 21 Words & Phrases, p. 306, and Supp., p. 108.

In a number of States, more particularly the Code States, an information is not a "process" within the constitutional provision requiring all process to run in the name of the State, but is merely an accusation, upon which writs and processes issue. See State v. Vandegrift, 33 Del. 154, 132 Atl. 858, 860; State v.

Carlisle, 28 S. Dak. 169, 139 N. W. 127, 129; Caples v. State, 3 Okla. Crim. Rep. 72, 104 Pac. 493. As a legal term "process" is a generic word of very comprehensive signification and many meanings. In its broadest sense, it is equivalent to or synonymous with "proceedings" or "procedure", and embraces all the steps and proceedings in a cause from its commencement to its conclusion. In a narrower sense, it is the means of compelling defendant to appear in court, after suing out the original writ, in civil and, after indictment, in criminal cases. In every case it is the act of the court. It is any means of acquiring jurisdiction: 50 Am. Jur. 858, §73, et seq.; Ballentine's Law Dictionary, p. 1024; State ex rel. Dresden v. District Court of Second Judicial Dist. in and for Bernalillo County, et al., 45 N. M. 119, 112 P. 2d 506-509; State ex rel. Walling v. Sullivan, 245 Wis. 180, 13 N. W. 2d 550, 555. See also, 34 Words & Phrases, p. 149, et seq.

As to the nature, importance and legal effect of a complaint in a summary proceeding, it has been decided that, upon the general principles of the common law, an information is necessary. In Commonwealth v. Borden, 61 Pa. 272, 275, Justice Agnew, in stating the essentials that are necessary in a summary conviction, includes among other steps, an information. In Commonwealth v. Cannon, 32 Pa. Superior Ct. 78, 81, Judge Orlady says:

"The written complaint on which this proceeding is founded is the substratum of the magistrate's jurisdiction, and it is necessary in order to sustain his judgment that the complete statement of the offense charged is set out therein."

Again, in Commonwealth v. Gelbert, 170 Pa. 426, in a summary conviction for the violation of the Sunday Law of April 22, 1794, the court ruled that the complaint is the foundation of the proceedings before

a magistrate and that it must distinctly set forth the alleged offense in order to establish his jurisdiction and the validity of the warrant. See also, 2 Sadler, Criminal Procedure, 939.

Sunday, both under the common law and the statutory law of Pennsylvania, is a day non juridicus and all judicial acts performed on that day are void unless otherwise provided by statute. In 50 Am. Jur. 858, §73, supra, the author, in reviewing the law with reference to judicial acts on Sunday and the rule of their invalidity states:

"While anciently courts of justice sat on Sunday, it has long been the rule at common law, expressed by the Latin phrase Dies Dominicus non est dies juridicus, that judicial proceedings cannot be held or judicial acts performed on Sunday. While in the absence of statute a ministerial act in connection with judicial proceedings and, according to many cases, quasi-judicial acts, such as the issuance and service of process, performed on Sunday are valid, it is the general rule of the common law that all judicial proceedings which take place on Sunday and all judicial acts performed on that day are void, irrespective of any statutory declaration to that effect. In jurisdictions where the common law prevails, the right or authority to perform any judicial act on Sunday must be derived from a statute conferring that right or authority, and a statute conferring such right should, like any other statute in derogation of the common law, be strictly construed."

See also, Commonwealth v. James Conlin, 28 Montg. 209; New Castle v. Casacchia, 58 D. & C. 184.

There is a provision in The Vehicle Code authorizing peace officers, when in uniform and displaying a badge or other sign of authority, to arrest, upon view, any person violating certain of the provisions of the code and to take him forthwith before a magistrate

and file an information, etc., Act of May 1, 1929, P. L. 905, sec. 1203, as amended by the Act of June 23, 1931, P. L. 751, sec. 2, 75 PS §733. Another act authorizes Pennsylvania State policeman to arrest on view, on Sunday or any other day, when in uniform, without writ, rule, order, or process, any person violating any of the provisions of The Vehicle Code, in addition to any other power or authority conferred by law. They are further authorized, whenever an arrest is made on view on Sunday or any other day, to forthwith take defendant before the nearest available magistrate in the city, borough, town or township, where the offense occurred.

This act further provides that any person so arrested on any day other than Sunday shall be given the opportunity to have an immediate hearing or of waiving a hearing or of giving bail, and any person so arrested on Sunday shall be given the opportunity of giving bail, which shall be accepted by the magistrate the same as on any other day for a later hearing before the magistrate. These acts, however, have no application to the facts in the case before us. We are not prepared to hold that operating a motor vehicle on a public highway at 70 miles per hour is necessarily a breach of the peace and, therefore, not within the inhibitions of the Act of 1705. Furthermore, in the absence of any explanation, we can see no valid reason why an information should be lodged on a Sunday for an offense that occurred on a week day and, in our opinion, such procedure should not be encouraged. While it may be argued with some force that the lodging of the information is merely a ministerial rather than a judicial act, our courts have decided that the very fact that the justice of the peace administered the oath to the officer making the complaint, constituted a judicial rather than a ministerial act. See Berks Co. v. Ross, 3 Binns 538. Under the peculiar facts of this

case, it is our conclusion that the proceeding was not only irregular but illegal and void and the justice was without jurisdiction.

As to the restitution of the fine and costs, where there is no legal conviction and the judgment of the magistrate is reversed, this court is on record of having recently decided that where a defendant, sentenced by a justice of the peace to pay the fine and costs in a summary proceeding, voluntarily pays such fine and costs imposed by the sentence, the court of common pleas has no authority, on certiorari, to reverse the judgment of the justice, unless it appears from the record that the justice was without jurisdiction in the matter: Commonwealth v. Alzano Clark, 2 Bucks Co. 1, and cases therein cited; Commonwealth v. Satterthwaite, 2 Bucks Co. 2; Commonwealth v. Williamson, 84 D. & C. 342. In the instant case, it will be noted that defendant paid the fine and costs "under protest". Our courts have ruled that, even though defendant paid the fine "under protest", restitution will not be granted: Borough of South Bethlehem v. Weiland et al., 11 North. 118; Commonwealth v. Stamm, 43 D. & C. 210. Restitution is a matter of grace and not of right and, in view of the general rule as set forth in the foregoing decisions and the fact that the State Treasurer, for whose benefit this fine was collected under The Vehicle Code, is not before the court in this proceeding and, further, since section 1204 of The Vehicle Code, which requires an order directing restitution when defendant is not found guilty refers to proceedings in the quarter sessions and the present proceeding being upon a certiorari in the common pleas, we will not make any order for the repayment of the fine and costs paid by defendant, but will leave him to proceed in some other appropriate action, if any he has, wherein such matter may be promptly determined:

Commonwealth v. Stamm, supra, p. 214. We, therefore, enter the following

*Order or Decree*

And now, to wit, March 12, 1954, defendant's exception is sustained and the action of the justice in imposing a fine of $10 and costs upon defendant is set aside and vacated.